Writ granted: Since the record does- not show that a bill of information or indictment has been filed, La.C.Cr.P. art. 384, the trial court is ordered to conduct a hearing upon applicant’s petition for habeas corpus.
BARHAM, J., dissents from the refusal to grant the writ and discharge the defendant and assigns reasons.
DIXON, J., is of the opinion the writ should be granted without hearing.
BARHAM, Justice,
is of the opinion that this writ should be granted and the relator ordered discharged forthwith. Relator was arrested on June 1, 1972. Some kind of proceeding, not an arraignment proceeding, was held fifteen days later where relator asked for counsel as an indigent. The court merely referred relator to the Indigent Defender Board and apparently washed its hands of any-further responsibility for appointment of counsel.
Thirty days later a lawyer was notified by the clerk of court that he was counsel for the relator. The lawyer did not see relator for twelve more days. Relator was held in jail without counsel, without preliminary hearing, without indictment. or information and without arraignment for fifty-seven days. After July 12, the effective date of Act 700 of 1972, the Court was in violation of the provisions of that act for compulsory appointment of counsel. *362 'The penalty- for, failure to timely appoint ■ counsel is the release of the party incar- ■ cerat.ed.
. As. if this, w.ere not .enough, relator has -now been detained in. jail for approximately '.five months without the filing of an indictment or bill of information charging him with an offense, C.Cr.P. art. 384. He was without counsel for fifty-seven days of this time. During all of this time he has had no preliminary examination or probable cause hearing. See Pugh v. Rainwater, 332 F.Supp. 1107 (D.C.1971), Cf. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, at pp. 496-498, Headnote 14-20. Moreover, no bail hearing .and no arraignment were had. Relator is entitled to be discharged by this Court for ■on the face of the application for writ of habeas corpus his right to freedom is established. A hearing cannot cure the defect of the lack of a preliminary hearing .and arraignment and the failure to file an indictment for five months. This relator lias been denied his civil rights.
I respectfully dissent from the refusal ■of this Court 'to grant the writ without ■delay and without hearing.